## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

ELIZABETH FAWLEY

        Plaintiff,

    v.

ADVANCE SERVICES, INC.,

And

CORTEVA AGRISCIENCE LLC,

      Defendants.

Case No.  1:23-cv-01128

### BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Advance Services, Inc. ("Advance"), submits this Brief in Support of its Motion to Dismiss the Complaint of Plaintiff Elizabeth Fawley ("the Plaintiff") filed against Advance and Corteva Agriscience ("Corteva") (collectively referred to as "the Defendants").

The Plaintiff alleges three causes of action against her former joint employers, Advance and Corteva – (1) sex-based discrimination - pregnancy (Count I), (2) sex-based harassment - pregnancy (Count II), and (3) retaliation (Count III).  As explained below, the Court should dismiss the Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### RELEVANT ALLEGED "FACTS"

Advance (a staffing agency) hired the Plaintiff and assigned her to work at Corteva beginning in April of 2022. (Filing No. 1, ¶ 14). The Plaintiff alleges to be an employee of both Advance and Corteva (Filing No. 1, ¶ 4), but at all relevant times she "was employed and worked at Corteva" (Filing No. 1, ¶ 13). The Plaintiff alleges that "she is a female and

at all relevant times, was in need of reasonable accommodations to be able to pump breast-milk for the newborn child." (Filing No. 1, ¶ 16). The Plaintiff further alleges that on or around February 2022, during her interview, she "advised that she would need reasonable accommodations to express breast milk using a pump two or three times over the duration of the workday." (Filing No. 1, ¶ 18).

The Plaintiff alleges that coworker, Ms. Rosa (LNU), consistently harassed her by asking "Why do you need to pump when there's formula?" (Filing No. 1, ¶ 20). She claims that other non-breastfeeding coworkers complained about her pumping and that she felt she was being targeted on the basis of her sex and for breastfeeding. (Filing No. 1, ¶ 21). She does not specifically identify any other coworkers who complained or describe any alleged complaints made by those coworkers.

The Plaintiff alleges that at some point, she put up a sign in the breakroom to inform coworkers of the laws protecting breastfeeding employees in the workplace from discrimination and harassment (Filing No. 1, ¶ 22), but that in July of 2022 she discovered the sign had been removed (Filing No. 1, ¶ 23). The Plaintiff alleges that she "immediately" reported the harassment and discrimination to Corteva's Operation Manager, Mr. Hugo Flores ("Corteva Operations Manager Flores") and to Advance. (Filing No. 1, ¶ 24). She does not identify who at Advance she informed or what harassment or discrimination she complained of, but alleges that her complaints were ignored. (*Id.*).

The Plaintiff alleges that she contacted Corteva Operations Manager Flores and Advance's representative, Whitney Hall, on September 21, 2022 regarding "the discrimination and harassment Plaintiff was being subjected to pertaining to breast pumping" and asked for reasonable accommodations to have private space to pump.

(Filling No. 1, ¶ 25). She does not state in her Complaint what "discrimination and harassment" she complained of, but alleges that her complaints went ignored. (Filing No. 1, ¶ 26).

Finally, the Plaintiff alleges that Corteva Operations Manager Flores terminated her employment with Corteva on October 24, 2022. (Filing No. 1, ¶ 27). She alleges that she asked Corteva Operations Manager Flores "Am I being fired because I have to pump?" and that Corteva Operations Manager Flores replied "Yes, the time you are spending pumping is time that you should be working." (Filing No. 1, ¶¶ 28-29).

The Plaintiff does not allege that Advance ever took an adverse action, or any action, against her.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must include a "short and plain statement ... showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. There must be sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In ruling on a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002).  However, only well-pleaded facts are

given a presumption of truth. *Iqbal*, 556 U.S. at 679. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

## I.  THE PLAINTIFF FAILS TO STATE A CLAIM FOR SEX-BASED DISCRIMINATION

In Count I of the Plaintiff's Complaint, she alleges sex-based discrimination – pregnancy. (Filing No. 1, ¶¶ 31-35). Specifically, she alleges that Corteva terminated her employment with Corteva for her need to pump breastmilk at work. (Filing No. 1, ¶¶ 27-30, 33). To state a *prima facie* case of sex discrimination, the Plaintiff must prove: (1) she belongs to a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) another similarly situated employee outside of her protected class received better treatment from her employer. *Igasaki v. Illinois Dep't of Fin. & Prof'l Regul.*, 988 F.3d 948, 958 (7th Cir. 2021) (quoting *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)). Under the Pregnancy Discrimination Act, sex discrimination includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C.A. § 2000e(k). *See Young v. United Parcel Service, Inc.*, 575 U.S. 206, 227–28, 135 S.Ct. 1338, 191 L.Ed.2d 279 (2015).

A complaint alleging sex discrimination under Title VII must aver that the employer instituted a specific adverse employment action against the plaintiff on the basis of her sex. *Cox v. Calumet Pub. Sch. Dist.* 132, 180 F. Supp. 3d 556, 561 (N.D. Ill. 2016) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir.2014)). The Plaintiff fails to state

a claim for sex-based discrimination because she makes no allegations to establish that she met her employers' legitimate expectations or that Advance took any adverse action against her.

          *a.*    *The Plaintiff Was Not Meeting Defendants' Legitimate Expectations*

First, the Plaintiff's discrimination claim fails for the simple reason that nowhere within her Complaint does she claim to have been meeting the employer's legitimate expectations. "[T]he 'legitimate expectations' element in the ubiquitous burden-shifting formula of *McDonnell Douglas* [is crucial]." *Coco v. Elmwood Care, Inc*., 128 F.3d 1177, 1179 (7th Cir.1997). If a plaintiff fails to demonstrate that she was meeting her employer's legitimate employment expectations at the time of her termination, the employer may not be "put to the burden of stating the reasons for [her] termination." *Id.* at 1179. If the plaintiff has direct evidence of discrimination "well and good; but if he has nothing else, and is therefore totally reliant on the *McDonnell Douglas* formula, he is out of luck if he can't show that he was meeting his employer's legitimate expectations." *Id*. *See also Brummett v. Lee Enterprises*, Inc., 284 F.3d 742, 745 (7th Cir.2002); *Contreras v. Suncast Corp*., 237 F.3d 756, 761 (7th Cir.2001); *Robin v. Espo Eng'g Corp*., 200 F.3d 1081, 1090 (7th Cir.2000); *Biolchini v. Gen. Elec. Co*., 167 F.3d 1151, 1154 (7th Cir.1999); *Plair v. E.J. Brach & Sons, Inc*., 105 F.3d 343, 347 (7th Cir.1997).

Simply put, without an allegation that she was meeting the legitimate expectations of her employers, the Plaintiff's claim fails.

          *b.*    *Advance Never Took Adverse Action Against the Plaintiff*

Second, the Plaintiff's discrimination claim fails because Advance did not take any adverse action against her. "A materially adverse employment action is something 'more

disruptive than a mere inconvenience or an alteration of job responsibilities.' " *Rhodes v. Illinois Dept. of Trans*., 359 F.3d 498, 504 (7th Cir.2004) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Ind*., 993 F.2d 132, 136 (7th Cir.1993)); see also *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir.2004) ("While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action.").

The Plaintiff alleges only that Corteva Operations Managers Flores terminated her employment with her host employer, Corteva. (Filing No. 1, ¶ 27). She makes no mention of her employment status with Advance, which had not ended. Further, the Plaintiff does not, because she cannot, make any allegation that Corteva Operations Manager Flores had the authority to end the Plaintiff's employment with Advance or take any adverse employment action against her on Advance's behalf. Further, she makes no allegation that Corteva instructed Advance to terminate the Plaintiff or that Advance complied with such an instruction. Likewise, the Plaintiff does not allege that Advance caused Corteva to terminate the Plaintiff or that Advance otherwise contributed to the Plaintiff's discharge.

Advance did not take any adverse action against the Plaintiff and absent any allegations that it did, her discrimination claim against Advance fails and should be dismissed.

## II.     THE PLAINTIFF'S SEX-BASED HARASSMENT CLAIM FAILS AS A MATTER OF LAW

In Count II of the Plaintiff's Complaint, the she alleges that she was subjected to a sex-based harassment in violation of Title VII. (Filing No. 1, ¶¶ 36-43). Under Title VII, in order to state a claim on sexual harassment the Plaintiff must show that (1) she was

subjected to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being; and (4) there is a basis for employer liability. *Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 902 (7th Cir. 2005).

The Plaintiff's allegations do not remotely approach the "severe and pervasive" requirement of a *prima facie* claim. The Plaintiff makes two allegations of "harassment": (1) that Ms. Rosa, a female coworker, asked her "Why do you need to pump when there's formula." (Filing No. 1, ¶ 20); and (2) an unnamed coworker removed signage that she posted in the breakroom about breastfeeding laws. (Filing No. 1, ¶ 23). Neither of these allegations support a claim of severe and pervasive harassment.

"[P]etty workplace slights" that do not represent "significant negative alterations in the workplace" or have "tangible consequences" are not actionable. *Parks v. Speedy Title & Appraisal Review Servs*., 318 F. Supp. 3d 1053, 1062 (N.D. Ill. 2018) (quotation omitted). Severe or pervasive conduct includes both subjective and objective components. *Bakker*, 2020 WL 1139262, at *3 (*citing Rodgers v. Western-S. Life Ins. Co*., 12 F.3d 668, 674 (7th Cir. 1993)).  A hostile work environment exists where an employee "experiences harassment that is 'so severe or pervasive as to alter the conditions of employment and create an abusive working environment.'" *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005).  A plaintiff can establish an alteration in the terms and conditions of employment "by demonstrating . . . non-tangible action, such as discriminatory conduct that is so severe or pervasive as to create an 'abusive' working environment.' " *Id.* See also *Silk v. City of Chicago*, 194 F.3d 788, 804-05 (7th Cir. 1999). In determining whether

a plaintiff has met the standard, "courts must consider all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Silk*, 194 F.3d at 804. *See also Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014).

The threshold for establishing a hostile work environment is high, as the "workplace that is actionable is one that is hellish.'" *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 645 (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The Court "assume[s] employees are generally mature individuals with the thick skin that comes from living in the modern world." *Swyear v. Fare Foods Corp.,* 911 F.3d 874, 881 (7th Cir. 2018) (*citing Passananti v. Cook Cty.*, 689 F.3d 655, 667 (7th Cir. 2012)). "As a result, employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace." *Id*. Rather, conduct must "permeate[ ]" the workplace with "discriminatory intimidation, ridicule, and insult" that "create an abusive working environment." *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993). "It is not enough that a supervisor or coworker fails to treat a female employee with sensitivity, tact, and delicacy, uses coarse language, or is a boor. Such failures are too commonplace in today's America, regardless of the sex of the employee, to be classified as discriminatory." *Minor v. Ivy Tech State College*, 174 F.3d 855, 858 (7th Cir.1999).

When analyzing the objective severity of harassment, the courts take the perspective of a reasonable person in the plaintiff's position, considering all the relevant circumstances. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81, 118 S.Ct.

998, 140 L.Ed.2d 201 (1998). These circumstances include the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Equal Employment Opportunity Commission v. Mgmt. Hospitality of Racine, Inc*., 666 F.3d 422, 432 (7th Cir.2012).

Courts have repeatedly found far more objectionable and offensive behavior insufficient to satisfy the Seventh Circuit's high bar. *See e.g. Silk,* 194 F.3d at 808 (7th Cir. 1999) (finding that verbal harassment, including being called a "useless piece of [vulgarity]," a "limited duty phony," and a "medical abuser," and references to plaintiff's "[vulgarity] medical problems," when combined with negative performance reviews and being sent home from work, was not sufficiently severe); *Ammons v. Dart*, No. 16-CV-7770, 2018 WL 2096372, at *6 (N.D. Ill. May 7, 2018) (finding that a supervisor ridiculing Plaintiff multiple times by telling him to "go take [his] medicine" and preventing him from taking his insulin shots in a timely manner did not demonstrate a sufficiently hostile environment); *Coffey-Sears v. Lyons Twp. High Sch. Dist.* 204, No. 15-CV-08642, 2017 WL 1208439, at *13 (N.D. Ill. Mar. 31, 2017) (coworkers' comments directly criticizing Plaintiff's accommodation were not severe or pervasive but a "common workplace dispute"); ; *Alanis v. Metra*, No. 13-CV-5962, 2016 WL 464043, at *8 (N.D. Ill. Feb. 8, 2016) (after Plaintiff's request for a fragrance-free workplace, supervisor applying perfume on an unknown number of occasions in Plaintiff's presence, wearing heavy perfume and threatening to discipline Plaintiff after Plaintiff's complaint suggested a hostility that was not serious enough to render the environment an abusive one).

Even assuming the Plaintiff's allegations are true, they fail to show a work

environment so severe and "hellish" as to alter the conditions of employment and create an abusive working environment.  The behaviors she alleges that Corteva's employee engaged in are not objectively offensive and fall woefully shy of showing that the alleged harassment was pervasive in the workplace.

### a.  Coworker Questions

Ms. Rosa's alleged questions are neither physically threatening nor humiliating. In fact, they are not even fairly described as "harassing." Even further, there is no allegation that Ms. Rosa's question interfered with the Plaintiff's work performance in anyway. Simply put, the question was at most a tactless inquiry that the Plaintiff perceived as offensive. Mere utterances of this sort cannot be the basis of a harassment claim.

### b.  Removed Sign

Likewise, the Plaintiff's allegation that someone removed the sign that she put up in the breakroom (without authorization or approval) simply does not come close to approaching anything that could be construed as workplace harassment. Employer breakrooms often display legally required posters designed to keep the workplace safe and to notify employees of their rights. Accordingly, employers have a legitimate interest in monitoring and maintaining the information posted at their worksite and ensuring that information is accurate. Employees simply do not have a protected right to post documents with unverified and unapproved language purporting to "inform coworkers of the laws." Even if someone had removed the sign, it is simply not an offensive behavior.

Even further, the Plaintiff does not allege what she posted, when she posted it, who removed it, when they removed it, or why they removed it. In short, the Plaintiff does not alleged *who* harassed her by removing the sign or if that person even knew she posted

or that she was a breastfeeding mother. To describe her missing sign as an instance of harassment is disingenuous. This type of allegation simply does not satisfy the minimum pleading requirements under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) nor do they come close to establishing a claim for sex-based discrimination.

## III.   THE PLAINTIFF'S RETALIATION CLAIM FAILS AS A MATTER OF LAW

The Plaintiff's Count III alleges retaliation in violation of Title VII. (Filing No. 1, ¶¶ 44-52).  The Plaintiff alleges that the Defendants' retaliatory conduct consisted of (1) failure to conduct a prompt, thorough, and objective investigation, and (2) failure to take necessary precautions to prevent further recurrences." (Filing No. 1, ¶¶ 48-49).  To plead a retaliation claim under Title VII, a plaintiff must demonstrate that an employee engaged in a protected activity and that the employee faced an adverse action by her employer as a result of that activity. *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017). Further, the adverse action must materially alter the terms and conditions of employment. *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir.1996).

An employer's failure to investigate, by itself, is not an adverse action.  "[A] failure to investigate a complaint, unless it leads to demonstrable harm, leaves an employee no worse off than before the complaint was filed." *Tubbs v. Chicago Transit Auth*., No. 1:20-CV-00695, 2021 WL 1192676, at *5 (N.D. Ill. Mar. 29, 2021) (quoting *Daniels v. United Parcel Serv., Inc.,* 701 F.3d 620, 640 (10th Cir. 2012); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010)).  Here, the Plaintiff fails to allege that the Defendant's alleged failure to investigate her complaints materially changed the terms of conditions of her employment. See *Stutler v. Illinois Dep't of Corr*., 263 F.3d 698, 703

(7th Cir. 2001). Without more, the Plaintiff's Count III fails. For that reason alone, the Plaintiff has failed to state a claim for retaliation, and her Complaint should be dismissed

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, Advance respectfully requests this Court enter an order granting their Motion to Dismiss in accordance with Rule 12(b)(6).

Dated this 24 day of April, 2023.

ADVANCE SERVICES, INC., Defendant,

By:  /s/ Brian D. Moore
           Brian D. Moore (NE# 25801)
of   BAIRD HOLM LLP
           1700 Farnam Street
           Suite 1500
           Omaha, NE  68102-2068
           Phone: 402-344-0500
           Email:  bmoore@bairdholm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, I served a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Dismiss the Plaintiff's Complaint to all parties and counsel of record electronically using the CM/ECF system:

Nathan C. Volheim, Esq.
nvolheim@sulaimanlaw.com

Chad W. Eisenback, Esq.
ceisenback@sulaimanlaw.com

/s/ Brian D. Moore

DOCS/2962405.1

- 12 -